OPINION
{¶ 1} This is an appeal from Appellant Walter E. Steed's conviction and sentence on one count of possession of cocaine, in violation of R.C. § 2925.11(A)(C)(4)(a), a fifth degree felony.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On December 31, 2002, the Alliance Police Department executed a search warrant they had obtained to investigate illegal gambling at the Donte Club.
 {¶ 4} During the search of the club, Appellant knocked on the door and was greeted at the door by Officer Morris. When Officer Morris identified himself as a police officer, Appellant immediately stepped back and put his hands in his pockets. Concerned for his safety, Officer Morris searched Appellant in the area where he was reaching and found a large bulge in his pant's pocket, which upon inspection turned out to be a clear plastic baggie containing white residue and $177.75 in cash, another baggie containing some prescription tablets and a set of keys. Believing the residue to be crack cocaine, Officer Morris placed Appellant under arrest. Officer Bair asked Appellant for permission to search his rental car and Appellant responded "go ahead". Officer Bair found a baggie containing white powder in the center console of the car. When Appellant saw the baggie, he responded "I just bought that coke." (T. at 157, 179, 200).
 {¶ 5} Appellant was indicted on count of possession of cocaine and at his arraignment he pled not guilty to said charge.
 {¶ 6} On June 10, 2003, this matter proceeded to jury trial. The State called three witnesses: the two Alliance police officers and Jay Spencer from the Stark County Crime Laboratory. Appellant did not testify and did not call any witnesses.
 {¶ 7} The jury returned a verdict of guilty after deliberating for one and one-half hours.
 {¶ 8} The trial court sentenced him to nine (9) months in prison.
 {¶ 9} It is from this conviction and sentence Appellant appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 10} "The jury verdict finding appellant guilty of possession of cocaine was against the manifest weight of the evidence in violation of the due process clause of the United States constitution"
 I. {¶ 11} Appellant, in his sole assignment of error, argues that his conviction for possession of cocaine was against the manifest weight of the evidence. We disagree.
 {¶ 12} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N.E.2d 541, citing State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus 1.
 {¶ 13} Possession of cocaine is defined in R.C. 2925.11. The statute provides, in relevant part:
 {¶ 14} (A) No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 15} At trial, the State of Ohio presented evidence as to consent to search appellant's vehicle in the form of testimony from both Officer Morris and Officer Bair. The State also presented testimony from Jay Spencer from the Crime Lab that the substance contained in the baggie removed from the car was identified was .16 grams if crack cocaine. (T. at 213).
 {¶ 16} Appellant in his brief essentially challenges the credibility of the police officers.
 {¶ 17} As stated above, the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility.
 {¶ 18} We find that the evidence presented by the State of Ohio, if believed, was sufficient to convict appellant of possession of cocaine. Upon our review of the record, we cannot say that the jury, in convicting appellant of possession of cocaine, lost its way so as to create a manifest miscarriage of justice. We find, therefore, that based upon the record as a whole, the jury, as trier of fact, clearly did not lose its way in convicting appellant of possession of cocaine. We therefore find the jury's verdict was not against the manifest weight of the evidence.
 {¶ 19} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 20} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Boggins, J., Gwin, P.J. and Wise, J. concurs.